The Honorable Henry Morgan Prosecuting Attorney 9th Judicial District-East 201 North 10th Street Arkadelphia, AR 71923
Dear Mr. Morgan:
This is in response to your request for an opinion on the following questions regarding the seizure of suspected contraband or stolen property from a pawn shop:
 (1) What rights do police officers have to seize suspected contraband or stolen property found in pawn shops absent any court order to seize?
 (2) If a court order is required, will due process be afforded to the pawn shop owner by an ex parte order?
 (3) If an ex parte order will not satisfy due process, then what sort of time is required for emergency hearings? What kind of time frame would we be looking at before we would be entitled to seize the property?
 (4) If a hearing is required, could this be convicted through some kind of an action in municipal court? If so, how would that action be styled?
 (5) After seizing the property and determination by a jury of either guilt or innocence in the criminal action, what right do the police or court have to return alleged stolen property to the victim absent some kind of judicial determination which allows the pawn shop the opportunity to argue its right to ownership?
In response to your first question, it is my opinion that police officers have the same right to seize suspected contraband or stolen property in a pawn shop without a court order or warrant as they do any other such property found elsewhere. I am aware of no legal distinction that has been made between pawn shops and other individuals or entities in this regard. In other words, any warrantless seizure of property from a pawnshop must be made in accordance with the Arkansas Rules of Criminal Procedure and caselaw governing such seizures. See generally A.R.Cr.P. Rules 10-16. It must be noted, however, that police officers shall have access to pawn shop records at any and all reasonable times. See A.C.A. 12-12-103 (Supp. 1993).
In response to your second question, if an ex parte court order is obtained for the seizure of property from a pawnshop, the pawnshop owner is afforded due process under Rule 15.2 of the Arkansas Rules of Criminal Procedure. That rule provides for the filing of a motion for return or restoration of seized things by the individual from whose person, property, or premises things have been seized or by any other person asserting a claim to rightful possession of the things seized. A.R.Cr.P. Rule 15.2(a)(i) and (ii). Such motion may be filed with either the court to whom the warrant was returned or to the court having jurisdiction of the offense in question, and must be filed within thirty days after notice of seizure, although, at the court's discretion, it may be filed later. The rule authorizes appellate review of an order either granting or denying such a motion.See Rule 15.2(e). In my opinion, this rule adequately protects the due process rights of individuals from whom property is seized.
As it is my opinion that due process is provided by the procedure set out in A.R.Cr.P. Rule 15.2, your third question appears to be moot. Again, the hearing provided for in that rule is to take place after the property is seized rather than before.
Your fourth question also appears to be moot. As noted above, a hearing may be held on a motion for the return or restoration of seized property pursuant to Rule 15.2.
With respect to your fifth question, Rule 15.2(g) governs the disposition of seized things once the court finds that there is no further need for custody of them. If a pawn shop has a claim to such property, it may raise and argue this claim by way of a motion for return of the seized property as discussed above. Presumably, then, any questions as to ownership of such property will be resolved by the time a court determines there is no further need of the property. Arkansas Code Annotated Section5-5-101 (1993 Repl.) must also be consulted with respect to the disposition of seized property. It provides generally that all seized property shall be returned to its rightful owner except contraband owned by a defendant. Finally, I must point out that pawn shops are required by A.C.A. 18-27-202 (1987) to return stolen property to its true owner upon his or her request and the execution of an affidavit of possession.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh